| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1427 Bannock Street<br>Denver, Colorado 80202<br><br>**PLAINTIFF:** JOSHUA DEAN, on behalf of himself and all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** TRK ENTERPRISES, INC., a Colorado corporation. | DATE FILED: September 11, 2018 1:59 PM<br>FILING ID: E5187F51A112D<br>CASE NUMBER: 2018CV33368<br><br><br><br><br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado  80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS AND COLLECTIVE ACTION COMPLAINT** | |

Plaintiff Joshua Dean, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against TRK Enterprises, Inc. ("TRK").

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. (the "Wage Claim Act"), the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") and the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq*., contain various rules regarding employee wages and working hours.  TRK violated these laws by failing to: 1) compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked; and 2) ensure that employees received all required meal and rest breaks during their shifts.  This class and collective action seeks to recover damages and backpay to compensate all current and former employees of TRK for these wage violations.

EXHIBIT A

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of TRK, is an individual and resident of the State of Colorado.

3. Defendant TRK Enterprises, Inc. is a corporation organized under the laws of the State of Wyoming with its corporate office located 6148 County Road 210, Pine Bluffs, Wyoming 82082. At all times relevant to this action, TRK has been located in and has conducted business in the State of Colorado.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because TRK may be found in this County,

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

6. TRK is an oilfield service company providing casing services in Colorado, Wyoming and Pennsylvania. Plaintiff worked for TRK providing casing services at various locations primarily in Weld County, Colorado.

7. Although Plaintiff was required to work more than twelve (12) hours per day and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours. No overtime exemption applies to Plaintiff. TRK also failed to provide the meal and rest breaks mandated by state law.

8. On information and belief, none of TRK's non-exempt employees were paid properly for their time worked.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a C.R.C.P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL CURRENT OR FORMER NON-EXEMPT TRK EMPLOYEES: 1) WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED; AND/OR 2) WHO WERE NOT PROVIDED ALL REQUIRED MEAL AND REST BREAKS.**

10. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, there are more than 200 members in the proposed class.

   b. Numerous questions of law and fact regarding the liability of TRK are common to the Class and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by TRK that caused harm to all Class Members.

   d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from TRK's records. Plaintiff was subjected to the same rules and policies as all other oil field workers that form the basis of the alleged violation. TRK applied its policy to him just as it did with all Class Members.

   e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

   f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

11. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to TRK's common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq*.)

12. Plaintiff incorporates by reference all of the above paragraphs.

13. At all material times, TRK has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

14. At all material times, TRK has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

15. TRK was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

16. As a result of the foregoing conduct, as alleged, TRK has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

17. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount equal to all earned unpaid straight time and overtime compensation owed. This demand for payment is continuing and is made on behalf of any current TRK employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq*.)

18. Plaintiff incorporates by reference all of the above paragraphs.

19. At all relevant times, TRK has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

20. At all relevant times, TRK has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

21. Plaintiff was an employee of TRK within the meaning of the Minimum Wage Act.

22. As a result of the foregoing conduct, as alleged, TRK has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

23. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Violation of Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq*.)**

24. Plaintiff incorporates by reference all of the above paragraphs.

25. At all relevant times, TRK has been, and continues to be, an "employer" within the meaning of the Pennsylvania Minimum Wage Act.

26. At all relevant times, TRK has employed, and continues to employ, employees within the meaning of the Pennsylvania Minimum Wage Act.

27. Class Members were employees of TRK within the meaning of the Pennsylvania Minimum Wage Act.

28. As a result of the foregoing conduct, as alleged, TRK has failed to pay all wages due and has violated, and continues to violate, the Pennsylvania Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

29. As a result, Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

30. Plaintiff incorporates by reference all of the above paragraphs.

31. At all relevant times, TRK has been, and continues to be, an "employer" within the meaning of the FLSA.

32. TRK is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

33. At all relevant times, TRK has had gross annual volume of sales in excess of $500,000.

34. At all relevant times, TRK has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

35. Plaintiff was an employee of TRK within the meaning of the FLSA.

36. While employed by TRK, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

37. As a result of the foregoing conduct, as alleged, TRK has violated, and continues to violate, the FLSA, 29 U.S.C. §201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

38. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against TRK as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of September, 2018.

                                          *s/Brian D. Gonzales*
                                      _____
                                      Brian D. Gonzales
                                      THE LAW OFFICES OF
                                      BRIAN D. GONZALES, PLLC
                                      2580 East Harmony Road, Suite 201
                                      Fort Collins, Colorado  80528

                                      *Counsel for Plaintiff*