IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02805-WJM-NRN

JOSHUA DEAN, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

TRK ENTERPRISES, INC., a Colorado corporation.

    Defendant

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Joshua Dean, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *First Amended Class and Collective Action Complaint* against TRK Enterprises, Inc. ("TRK").

### STATEMENT OF THE CASE

1.    The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"), contain various rules regarding employee wages and working hours.  TRK violated these laws by failing to: 1) compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked; and 2) ensure that employees received all required meal and rest breaks during their shifts.  This class and collective action seeks to

recover damages and backpay to compensate all current and former employees of TRK for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of TRK, is an individual and resident of the State of Colorado.

3. Defendant TRK Enterprises, Inc. is a corporation organized under the laws of the State of Wyoming with its place of business located 6148 County Road 210, Pine Bluffs, Wyoming 82082. At all times relevant to this action, TRK has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

6. Oil and gas in Colorado is a $15 billion industry employing an estimated 35,000 Colorado residents. http://extras.denverpost.com/oil-gas-deaths/

7. One job common throughout the oil industry is what is known as "casing services", which refers to the tasks involved in running oil pipe – known as "casing" – into a drilled wellbore to protect the hole.

8. TRK provides casing services. In particular, TRK employees screw casing sections together to the proper tightness ("torque") before the pipe is inserted into the wellbore. TRK provides these services in various states including Wyoming, Colorado and Pennsylvania.

9. TRK employees operate various types of equipment such as "power tongs", "backup tongs" and "floor slips" to screw casing pipe together to the proper torque. TRK employee-operated equipment also includes the various types of trucks necessary to transport equipment, personnel and materials in the oilfield and between states.

10. It would be a simple matter for oil companies to buy their own tongs, wrenches, transport vehicles and other equipment to perform their own casing work. Nonetheless, casing work typically is "farmed out" by oil companies to companies like TRK. There are numerous companies providing casing services in the oilfield.

11. TRK has long term relationships with its customers to provide their casing work on numerous jobs on a continuing basis.

12. Casing services, including the job of screwing casing pipe together, are a routine and "everyday" part of work in the oil industry.

13. This work is not complex and requires no particular educational background or specialized training. The work is low-skilled, "roughneck" labor that employees learn to perform by watching others in the field.

14. TRK's employees work extremely long hours in a difficult environment. The hardest part about providing casing services is staying awake and alert during continuous shifts that can run for hours with little or no break time. The screwing/torqueing process is very repetitive.

15. TRK provides its support services to other commercial firms in the oil industry.

16. TRK employees operate equipment.

17. In violation of the Wage Claim Act and Minimum Wage Act, Plaintiff and other employees were not paid the "time and one-half" overtime premium for hours worked in excess of 12 per day. Plaintiff does not have his employment records, which remain in TRK's possession. Therefore, Plaintiff cannot provide a precise calculation of the overtime he is owed due to this violation. *Landers v. Quality Communications, Inc*., 771 F.3d 638, 645 (9th Cir. 2014)("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.") Nonetheless, Plaintiff recalls working days longer than 12 hours during most of his workweeks with TRK. Since he was paid his hourly rate of $21 for all hours he worked, Plaintiff would be owed $10.50 for each hour over 12 he worked in any given workday, plus statutory penalties and interest. Plaintiff tracked and recorded his hours and, therefore, the actual number of hours worked in excess of 12 per day should be easily determinable from Plaintiff's employment records. Once those records are produced, Plaintiff will supplement his damage estimate.

18. Although TRK ostensibly paid the overtime premium for hours worked in excess of 40 per week, TRK failed to include all of Plaintiff's compensation in determining his overtime rate. This resulted in Plaintiff being undercompensated for his overtime hours. Once Plaintiff's employment records are produced he will provide a precise calculation of the amount of this underpayment. In general, however, TRK should have divided all of Plaintiff's extra weekly compensation (e.g., bonuses) by his hours worked per week and added that sum to his hourly rate

for purposes of determining Plaintiff's regular rate of pay. That regular rate should then have been multiplied by 1.5 to determine Plaintiff's correct overtime rate. Plaintiff is owed the difference between his correct overtime rate and the amount of overtime he actually was paid, plus statutory penalties, liquidated damages and interest. On information and belief, numerous current and former TRK employees are owed backwages as a result of this violation of the FLSA, Wage Claim Act and Minimum Wage Act.

19. TRK's operations were so busy that it was very difficult for employees such as Plaintiff to take breaks from their work. Because TRK had no break policy and, in any event, made no effort to ensure that such breaks were provided, Plaintiff rarely was able to take a break. Although it was TRK's burden to keep sufficient records to demonstrate that its employees were paid in accordance with state and federal wage and hour law, TRK failed to do so and, in particular, failed to properly track breaks.

20. Plaintiff rarely received the 30 minute meal breaks and 10 minute rest breaks required by the Minimum Wage Act and, therefore, is owed additional compensation at either a straight-time or, as appropriate, overtime rate for all missed breaks. *See Lozoya v. AllPhase Landscaping Construction, Inc.,* 2015 WL 1757080, *2 (D.Colo. April 15, 2015). During the time Plaintiff worked for TRK, he estimates that he missed at least 40 hours of break time and is owed $1,260 plus penalties and interest as a result, e.g., 40 multiplied by Plaintiff's overtime rate of $31.50.

21. Since TRK is required by law to keep detailed records of Plaintiff's compensation and hours worked, Plaintiff will provide a more detailed damage estimate for himself and class members once these records are produced.

22. On information and belief, none of TRK's non-exempt employees were paid properly for their time worked.  TRK either knew or should have known that the pay policies described above did not comply with state and federal law.  On information and belief, TRK failed to make any inquiry – let alone an adequate inquiry – into its wage and hour compliance obligations.  At a minimum, such conduct demonstrates reckless disregard of the requirements of the FLSA, Wage Claim Act and Minimum Wage Act.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action as a C.R.C.P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> **ALL CURRENT OR FORMER HOURLY TRK EMPLOYEES: 1) WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED; AND/OR 2) WHO WERE NOT PROVIDED ALL REQUIRED MEAL AND REST BREAKS.**

24. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.  On information and belief, there are more than 200 members in the proposed class.

b. Numerous questions of law and fact regarding the liability of TRK are common to the Class and predominate over any individual issues which may exist.

c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by TRK that caused harm to all Class Members.

d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from TRK's records. Plaintiff was subjected to the same rules and policies as all other oil field workers that form the basis of the alleged violation. TRK applied its policy to him just as it did with all Class Members.

e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

25. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to TRK's common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq*.)

26. Plaintiff incorporates by reference all of the above paragraphs.

27. At all material times, TRK has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

28. At all material times, TRK has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

29. TRK was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

30. As a result of the foregoing conduct, as alleged, TRK has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

31. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount

equal to all earned unpaid straight time and overtime compensation owed. This demand for payment is continuing and is made on behalf of any current TRK employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*)

32. Plaintiff incorporates by reference all of the above paragraphs.

33. At all relevant times, TRK has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act. TRK falls within one of the four coverage provisions of the Minimum Wage Act. For example, as detailed above, TRK employees operate equipment as a service in support of other commercial firms and, therefore, are covered under the Wage Act's "Commercial Support Services" provision.

34. At all relevant times, TRK has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

35. Plaintiff was an employee of TRK within the meaning of the Minimum Wage Act.

36. As a result of the foregoing conduct, as alleged, TRK has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

37. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)

38. Plaintiff incorporates by reference all of the above paragraphs.

39. At all relevant times, TRK has been, and continues to be, an "employer" within the meaning of the FLSA.

40. TRK is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

41. At all relevant times, TRK has had gross annual volume of sales in excess of $500,000.

42. At all relevant times, TRK has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

43. Plaintiff was an employee of TRK within the meaning of the FLSA.

44. While employed by TRK, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

45. As a result of the foregoing conduct, as alleged, TRK has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

46. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against TRK as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of December, 2018

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2018, the foregoing **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** was served electronically on all counsel of record.

*s/Brian D. Gonzales*
_____